David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*WILLIAM BERRY*

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM BERRY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC; COX COMMUNICATIONS,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued

functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. WILLIAM BERRY ("Plaintiff"), by Plaintiff's attorneys, brings this action against COX COMMUNICATIONS ("COX") and NATIONAL

CONSUMER TELECOM & UTILITIES EXCHANGE, INC ("NCTUE") (jointly, "Defendants") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada; conduct business in Clark County, Nevada; and the events giving rise to this action occurred in Clark County, Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Cox is a corporation doing business in the State of Nevada.

8. Cox is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

9. NCTUE regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

10. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## NCTUE Failed to Respond to Plaintiff's Written Dispute

11. In an NCTUE credit report dated July 24, 2020, NCTUE reported inaccurate information for multiple accounts, including an account Plaintiff held with DirecTV.

12. On or about August 17, 2020, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed NCTUE's reported information regarding misreported trade lines by notifying NCTUE, in writing, of the incorrect and inaccurate credit information furnished by NCTUE.

13. Specifically, Plaintiff mailed a written dispute, certified, return receipt, to NCTUE ("Dispute Letter"), requesting disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted.

14. NCTUE was required to conduct an investigation into the disputed accounts pursuant to 15 U.S.C. § 1681i.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

15. NCTUE thereafter failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed pursuant to 15 U.S.C. § 1681i(a)(6) relating to the dispute Plaintiff raised in the Dispute Letter regarding the DirecTV account.  While NCTUE provided a reinvestigation dated September 28, 2020, in which it acknowledged receipt of the Dispute Letter, NCTUE failed to provide Plaintiff with any response to Plaintiff's dispute regarding his DirecTV account.

16. As a result of NCTUE's failure to provide a consumer disclosure, NCTUE negligently failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a)(6).

17. Further, NCTUE willfully failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a) when NCTUE failed to provide written notice to Plaintiff of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation (assuming an investigation was completed), by mail or, if authorized by the consumer for that purpose, by other means available to the agency.  Indeed, NCTUE failed to provide Plaintiff any evidence of any investigation it conducted into the disputes Plaintiff raised regarding his DirecTV account, thereby shirking NCTUE's duties under the FCRA.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

## Cox Misreported Credit Information

## RE: Account No. 05055

18. In the same NCTUE credit report dated July 24, 2020, Cox inaccurately reported Plaintiff's account was "Charged-off" with a "Charge-off" amount of $327.33, as seen below, despite the fact Plaintiff's Cox account remained open and active and Plaintiff was using the hardware which was the basis for Cox's claim he owed $327.33.

| COX COMMS - LAS VEGAS   6205B PEACHTREE DUNWOODY RD ATLANTA GA 30328 | | | | | Confirmation # 040700188C | |
|---|---|---|---|---|---|---|
| Account Number 05055* | Service Type Internet | Sub-Service Type | Connect Date 07/02/2019 | Account Status Closed Account/Charged-off | | Date Reported 07/01/2020 |
| Current Balance Amount $0.00 | Current Balance Date 07/01/2020 | Last Payment Amount $0.00 | Last Payment Date 06/01/2020 | Past Due Amount $0.00 | Disconnect Date 10/10/2019 | Charge-Off Amount $327.33 | Date of First Delinquency 07/02/2019 |

Monthly Payment History:

| Date | Account Status | Balance Amount | Payment Amount | Charge-Off Amount |
|---|---|---|---|---|
| Jun 1, 2020 | C | | | $327.33 |

19. On or about August 17, 2020, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Cox's reported information regarding its reported obligation by notifying NCTUE, in writing, of the incorrect and inaccurate credit information furnished by Cox.

20. Specifically, Plaintiff sent the Dispute Letter, requesting the above inaccurate and incorrect derogatory information be removed, corrected, or deleted. In pertinent part, the NCTUE Dispute Letter read as follows:

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

On the next trade line with **Cox Comms**, Account Number 05055, I used Cox Comm services and later left the country. When I left the country, I informed them to turn off services until I returned. Please note on the history, Cox Comms shows a current payment of $315.00 which is accurate but there is a Charge-off item dated 10/10/2019 for $327.33, which I do not owe. This money represents the cost of their equipment. Please correct this record. I currently have the equipment in my possession and will retain it until I no longer use Cox Comms services. It bodes poorly on my credit to show a false charge-off in the amount of $327.33. The equipment is sitting inside my home and should NOT appear as a charge-off.

21. Upon information and belief, upon receiving the NCTUE Dispute Letter, NCTUE timely notified Cox of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i.

22. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

23. On or about September 28, 2020, Plaintiff received notification from NCTUE through its "reinvestigation" (NCTUE Report No. 0409000188) that Cox and NCTUE received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the account as "Updated". While Cox and NCTUE removed the erroneous charge off amount, it continued reporting Plaintiff's account as "charged off" for June and July 2020, as seen below.

**COX COMMS - LAS VEGAS   6205B PEACHTREE DUNWOODY RD ATLANTA GA 30328**

| Account Number 05055* | Service Type Internet | Sub-Service Type | Connect Date 07/02/2019 | Account Status Paid or Closed Account / Zero Balance | | Date Reported 09/02/2020 |
|---|---|---|---|---|---|---|
| Current Balance Amount $ 0.00 | Current Balance Date 08/01/2020 | Last Payment Amount $ 0.00 | Last Payment Date 06/01/2020 | Past Due Amount $ 0.00 | Disconnect Date 10/10/2019 | Charge-Off Amount $ 0.00 | Date of First Delinquency 07/02/2019 |

Monthly Payment History:

| Date | Account Status | Balance Amount | Payment Amount | Charge-Off Amount |
|---|---|---|---|---|
| Aug 15, 2020 | 9 | | | |
| Jul 01, 2020 | C | | | $ 0.00 |
| Jun 01, 2020 | C | | | $ 0.00 |

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

24. A reasonable investigation by these Defendants would have indicated there was no charge off related to Plaintiff's Cox account.

25. Cox and NCTUE failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) (as to Cox) and/or 1681i(a) (as to both Cox and NCTUE), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

26. Cox and NCTUE failed to review all relevant information provided by Plaintiff in the dispute to NCTUE, as required by and in violation of 15 U.S.C. §§ 1681s-2(b)(1)(B) and 1681i(a), respectively.

27. Cox and NCTUE re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Cox and NCTUE still reported Plaintiff's account as "charged off" when it had never been in such status.

28. Upon receipt of Plaintiff's dispute, Cox and NCTUE failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a), respectively.

29. Due to Cox's and NCTUE's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C) and/or 1681e(b), respectively.

30. Plaintiff's Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, Plaintiff requested that NCTUE include a statement on Plaintiff's credit report stating that the instant account was disputed in the event NCTUE failed to make the requested corrections identified in the Dispute Letter.

31. Upon information and belief, NCTUE failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note that this account was disputed by Plaintiff and provide either Plaintiff's dispute statement or a clear and accurate codification or summary of the dispute in violation of NCTUE's statutory obligations under 15 U.S.C. § 1681i(c).

32. Reporting and re-reporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

33. Despite Plaintiff's continued efforts to correct Cox's and NCTUE's erroneous and negative reporting of the Cox account in writing, Cox and NCTUE neglected, refused, or failed to do so.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

34. Cox's and NCTUE's continued inaccurate and negative reporting of the Cox debt in light of their knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

35. Also as a result of Cox's and NCTUE's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

36. By inaccurately reporting account information relating to the Cox debt after notice and confirmation of their errors, Cox and NCTUE failed to take appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and/or (E), 1681i(a), and 1681e(b), respectively.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Additionally, Defendant's inaccurate reporting did not comply with industry standard.  The Consumer Data Industry Association ("CDIA") provides reporting standards and guidelines to assist furnishers of information and credit reporting agencies with their compliance requirements under the FCRA

and published and implemented the Metro 2 Format reporting standards ("Metro 2 Format").

39. Courts rely on such standards to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005).

40. On information and belief, Defendants adopted the Metro 2 Format reporting standards and at all times relevant implemented the Metro 2 Format as an integral aspect of their duties under FCRA, which requires adequate and reasonable policies and procedures be in place to handle investigations of disputed information.

41. Defendants failed to comply with industry standards. Defendants failed to comply with the Metro 2 Format instructions and reported inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

42. Not only was Defendants' reporting inaccurate and a departure from the credit industry's own reporting standards, Defendants' reporting was also materially misleading under the CDIA's standards as well.

43. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

44. A "materially misleading" statement is more than just inaccuracies in reported information. It also includes omissions that cause reported information to be misleading or that create misperceptions about otherwise factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

45. Defendants failed to conduct a reasonable investigation as required by 15 U.S.C. §§ 1681s-2(b)(1)(A) and/or 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

46. Defendants failed to review all relevant information provided by Plaintiff in the dispute to Defendants, as required by and in violation of 15 U.S.C. § 1681i(a).

47. Defendants re-reported the inaccurate derogatory information on Plaintiff's report. Specifically, Defendants still reported scheduled payment amounts on debts that has been paid in full and/or had been discharged in Bankruptcy.

48. Upon receipt of Plaintiff's dispute, Defendants failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. §§ 1681s-2(b)(1)(B) and/or 1681i(a).

49. Due to Defendants' failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy., Suite 200
Henderson, Nevada 89052

inaccurate information in violation of 15 U.S.C. §§ 1681-s(2)(b)(1)(C) and/or 1681e(b).

50. Plaintiff's Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, Plaintiff requested Equifax/Experian/TransUnion include a statement on Plaintiff's credit report stating the instant account was disputed in the event NCTUE failed to make the requested corrections identified in the Dispute Letter.

51. Upon information and belief, NCTUE failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note this account was disputed by Plaintiff and provide either Plaintiff's dispute statement or a clear and accurate codification or summary of the dispute in violation of NCTUE's statutory obligations under 15 U.S.C. § 1681i(c).

52. Reporting and re-reporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

53. Despite Plaintiff's efforts to correct Defendants' erroneous and negative reporting in writing, Defendants neglected, refused, or failed to do so.

54. Defendants' continued inaccurate and negative reporting of the Debts in light of their knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

55. Also as a result of Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

56. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of their errors, Defendants failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and/or (E), 1681i(a) and 1681e(b).

57. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

58. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

59. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

///

**TRIAL BY JURY**

60. Pursuant to the Seventh Amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 19, 2020

Respectfully submitted,

By      /s/ David Krieger, Esq.
        David Krieger, Esq.
        Nevada Bar No. 9086
        Shawn Miller, Esq.
        Nevada Bar No. 7825
        KRIEGER LAW GROUP, LLC
        2850 W. Horizon Ridge Parkway
        Suite 200
        Henderson, Nevada 89052
        Phone: (702) 848-3855
        Email: dkrieger@kriegerlawgroup.com
        Email: smiller@kriegerlawgroup.com

**KRIEGER LAW GROUP, LLC**
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052